## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Auto Accessories Company, Inc.

v.

Arrow Transfer Co., Inc.

March 28, 1979

Case No. (Law) 5050

By JUDGE ALBERT H. GRENADIER

The basic question presented to the Court is whether under the facts and circumstances existing in this case the Defendant is liable for service charges totaling $588.64, which charges are included in the total amount sued for.

The parties have stipulated that with the exception of the itemized statements there are no written documents which contain any understanding between the parties relative to the imposition and payment of finance or service charges. Nor is there evidence of any oral agreement between the parties relative to said charges.

The Plaintiff contends that it had a right under the provisions of Section 6.1-330.20 of the Virginia Code to impose a service charge of 1½% per month on the unpaid balance of the Defendant's account. The Defendant, on the other hand, claims that the Plaintiff has not complied with the provisions of the Virginia statute, and further, that under 15 U.S.C. Section 1601, et seq., any agreement for the payment of service charges must be made in advance.

It seems to the Court that the federal statute is not controlling in this case. In the first place, in 15 U.S.C. Section 1602 a "consumer" is described as a "natural person," thus excluding corporate debtors such as the Defendant. Also, 15 U.S.C. Section 1603 excludes "credit

transactions for business or commercial purposes." Although the federal statute is inapplicable in this case, the basic purpose and function of both the federal and state statutes in this area are relative to and bear on the question to be decided in this case.

The express intent of 15 U.S.C. Section 1601, et seq., is to give the consumer the information he needs to compare the cost of credit and to make the best informed decision on the use of credit. The thrust of the Act and its fundamental weapon of compelled disclosure is *prospective*. Its purpose is to put the borrower in possession of the pertinent information before the plunge, so that he may know and intelligently compare his options. *Ratner v. Chemical Bank New York Trust Company*, 329 F. Supp. 270 (S.D. N.Y. 1971).

Section 6.1-330.20 of the Virginia Code permits a seller engaged in the extension of credit under an open-end credit or similar plan under which a service charge is imposed upon the cardholder or consumer, if the unpaid balance is not paid in full within a period of twenty-five days from the billing date, to charge and collect a charge of not more than 1½% per month on the unpaid balance.

A reasonable reading of the Virginia statute leads to the conclusion that the arrangement referred to in the statute is also prospective. It presupposes the existence of a plan, arrangement or agreement under which the service charge is imposed if the balance due on the account is not paid within twenty-five days of the billing date.

Inherently, therefore, there has to be some agreement, either express or implied, between the parties, made *prior* to the extension of credit, whereby the debtor agrees to pay service charges if he does not pay the balance of his account within twenty-five days from the billing date. The statute is permissive only. It does not mandate the service charge. Nor does it give the seller an absolute right to impose a service charge on all of his open accounts without having reached any prior agreement to do so with his customers.

There being no evidence in this case that a plan or agreement existed with respect to the imposition of a service charge, the Court is compelled to find that the Plaintiff may not assess and collect such charges

from the Defendant under the provisions of Section 6.1-330.20 of the Virginia Code.

The Court will enter an order granting the Plaintiff judgment for the sum of $4,333.40, together with interest thereon at the rate of 8% per annum from February 28, 1978, plus costs.